IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34001-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIK CLIFFORD LUDEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Erik Luden appeals from his conviction for second degree murder while armed with a deadly weapon. He challenges the deadly weapon enhancement, arguing the evidence did not establish the kitchen pot was used as a deadly weapon. We disagree and affirm.

## FACTS

Mr. Luden killed his father, Virgil Luden, by beating the older man to death. A cooking pot lay near the body. It was splattered with blood. In his telephone call to 911, the younger Luden reported that he had struck his father with a pot.

The forensic pathologist testified that the victim had been struck a minimum of 15 blunt-force blows, many of which were "consistent with being struck by a fist." There also was one laceration of the scalp, along with an accompanying skull fracture, that

could not be caused by a fist. Report of Proceedings (RP) at 298-299. The doctor noted that it took "a lot of force to fracture" that area of the skull, which was "pretty well protected." RP at 303-304. This specific injury could have been caused by a pot or some other instrument.

The jury found the defendant guilty of second degree murder while armed with a deadly weapon. After the imposition of a high-end standard range sentence that included an additional 24 months due to the deadly weapon finding, Mr. Luden timely appealed to this court.

## ANALYSIS

The sole issue presented by this appeal is the question of whether or not the prosecution established that the pot was a deadly weapon. We conclude the evidence permitted the jury to make that determination.

In relevant part, the jury was instructed, in accordance with the statutory definition, that a "deadly weapon is an implement or instrument that has the capacity to inflict death and from which the manner it is used is likely to produce or may easily and readily produce death."[1] RP at 351-352. We review an evidentiary sufficiency challenge to see if there was evidence from which the jury could have found the elements of the offense. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979);

---

[1] The quoted language in the instruction was taken directly from RCW 9.94A.825.

2

*State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980).  The reviewing court will consider the evidence in a light most favorable to the prosecution.  *Id.*  Credibility determinations are for the trier of fact and are not subject to review.  *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

This highly deferential standard requires us to reject appellant's argument here. He notes that most of the injuries were inflicted with his fists (and which we agree did not constitute deadly weapons) and that one of those blows likely caused his father's death.  While we agree with those observations, they are largely beside the point.  The question for the jury was whether the *pot* was used in a manner that was likely to produce death.  The deadly weapon did not need to be the actual murder weapon, but only needed to be used in a manner that it *could* have fulfilled that function.[2]

Here, the jury was presented with evidence that Erik Luden at least twice struck his father with an instrument that fractured the skull in a location that the fists could not have accomplished.  The younger Luden told the 911 dispatcher that he had struck his father with a pot.  A blood splattered pot lay next to the body.  The pathologist testified that the pot, or something similar, could have caused the skull fracture.  From these facts, the jury was permitted to take Erik Luden at his word that he had struck his father with the pot, thereby fracturing the skull.  The evidence was sufficient to support the jury's

---

[2] The deadly weapon enhancement is available in nonhomicide crimes.  It need not be a deadly weapon in fact in order to be used as a deadly weapon.

3

No. 34001-5-III
*State v. Luden*

conclusion that he wielded the pot as a deadly weapon, even though it was not the likely

cause of death.

The judgement is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.

4